UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                              :
STEVEN GONZALEZ,                              :
                                              :
                       Petitioner,            :       05 Civ. 7178 (GEL)
                                              :       S2 02 Cr. 877 (GEL)
              -v.-                            :
                                              :       **OPINION AND ORDER**
UNITED STATES OF AMERICA,                     :
                                              :
                       Respondent.            :
                                              :
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

  Steven Gonzalez moves under 28 U.S.C. § 2255 to vacate a judgment imposing a sentence of 120 months' imprisonment for narcotics violations. The motion will be denied.

  Gonzalez claims that his sentence was based on a specific amount of drugs that was neither admitted by him nor proven to a jury, and therefore violates the principles announced in United States v. Booker, 543 U.S. 220 (2005), and Apprendi v. New Jersey, 530 U.S. 466 (2000). The argument is without merit. Gonzalez was properly sentenced to the mandatory minimum sentence for the crimes to which he pled guilty, based on facts he specifically admitted at the time of his plea.

  The second Superseding Indictment charged Gonzalez with four crimes. Count One charged him with conspiring to import at least one kilogram of heroin and five kilograms of cocaine. See 21 U.S.C. § 963; see also id. §§ 812, 952, 960(a), 960(b)(1)(A), 960(b)(1)(B). Count Two charged him with conspiracy to distribute the same quantities of the same drugs. See 21 U.S.C. § 846; see also id. §§ 812, 841(a)(1), (b)(1)(A). Count Three charged him with a different conspiracy to distribute one kilogram or more of heroin. And Count Four charged him

with conspiracy to distribute Ecstasy. See 21 U.S.C. 846; see also id. §§ 812, 841(a)(1), (b)(1)(C).

The crimes charged in Counts One, Two and Three carry maximum sentences of life imprisonment, and mandatory minimum sentences of ten years. See 21 U.S.C. §§ 841(b)(1)(A), 960(b)(1)(A), 960(b)(1)(B). See United States v. Arias, 409 F. Supp. 2d 281 (S.D.N.Y. 2005); see also United States v. Gonzalez, 420 F.3d 111 (2d Cir. 2005). Each crime was specifically charged in the Indictment, the Grand Jury both specifically alleging the quantity and type of narcotic that triggers the enhanced maximum and mandatory minimum, and specifically referencing the statutory sections that provide those penalties.[1]

Gonzalez pled guilty to these crimes (as well as to Count Four). At his plea allocution, he affirmed that he had read the Indictment, and he declined the Court's offer to have it read aloud in Court. (5/16/03 Tr. 5.) The Court specifically advised him of the elements of each of these crimes, including the fact that, at a trial, the Government would be required to prove that the conspiracy involved the charged quantities and types of drugs. (Id. 10-11.) The Court further advised Gonzalez that the government would have to prove that Gonzalez "[him]self intentionally agreed to become a part of [the] conspiracy knowing what the conspirators were up to." (Id. 11.) The Court also explained that the maximum sentence on each of the first three counts was imprisonment for life (id. 12), and that the mandatory minimum sentence on each was ten years (id. 15).

---

[1] With respect to the allegation in Count One that Gonzalez conspired to import five kilograms or more of cocaine, the Indictment fails to cite the correct sub-sub-subsection of the United States Code. Compare 21 U.S.C. § 960(b)(1)(A), with 21 U.S.C. § 960(b)(1)(B). The error is without significance.

2

After being advised of these facts, Gonzalez affirmed that he still wished to plead guilty to the Indictment. (Id. 17.) Asked what he did that made him believe he was guilty, Gonzalez stated that he agreed to distribute drugs for his father, who was imprisoned on drug charges, and that he then imported drugs from outside the United States, and bought and sold drugs "for [his] father's customers." (Id. 18.) The Court then proceeded to ask about what was involved in "this operation that you did on behalf of your father." (Id.) Asked whether the operation "involve[d] bringing drugs into the country from outside," Gonzalez affirmed that it did. (Id.) The Court then specifically asked him what drugs were involved, and Gonzalez replied, "Cocaine, heroin and Ecstasy." (Id.) When the Court then asked how much, he admitted, "One kilogram or more of heroin, five kilograms or more of cocaine, and about . . . 2,620 pills [of Ecstasy]." (Id.)

Thus, Gonzalez was specifically charged by the Grand Jury with conspiring to import and distribute specific quantities of particular drugs, crimes that carried a mandatory minimum sentence of ten years in jail. He then pled guilty to those particular crimes, after being explicitly advised by the Court of the elements that the government would have to prove, including drug quantity, if Gonzalez chose to go to trial. His own description of events confirmed his personal involvement in importing and distributing the charged amounts of each drug. On these facts, Gonzalez's claim that "there were no admissions of the amount of drugs that were attributable to or foreseeable by [him]" (Motion at 9) is entirely without merit.

None of the cases on which Gonzalez relies affects these conclusions. Apprendi holds that the maximum sentence to which a defendant is subject may not be increased based on a judge's findings of fact beyond the maximum applicable to the facts found by a jury or admitted by the defendant in pleading guilty. 530 U.S. at 490. But here, the maximum sentence

applicable based on the facts admitted by Gonzalez was life, and he received a sentence far below that; indeed, his sentence was below the twenty-year statutory maximum for importing or distributing any amount of heroin or cocaine at all. See 21 U.S.C. §§ 841(b)(1)(C), 960(b)(3).

Booker is doubly inapplicable: (1) Booker is not retroactive, see Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005), and Gonzalez's sentence was final long before Booker was decided; and (2) Booker applies the Apprendi rule to calculations under the Sentencing Guidelines, and the Guidelines are effectively irrelevant to Gonzalez's sentence, as he was sentenced to the statutory minimum for the crime to which he pled guilty. Cf. United States v. Sharpley, 399 F.3d 123, 127 (2d Cir. 2005) ("The guideline sentence was set to 180 months in accordance with [the] statutory mandatory minimum. Thus, any reduction in the calculated Guidelines range could not reduce [defendant's] actual sentence.").

Gonzalez's sentence was lawfully based on, and indeed required by, the crimes with which he was charged and to which he pled guilty, and the specific facts he personally admitted, under oath, when entering his plea. Nothing in Apprendi, Booker or any other case calls the legality of his sentence into question.

The motion to vacate that sentence is therefore denied.

SO ORDERED.

Dated: New York, New York
      May 18, 2006

_____
GERARD E. LYNCH
United States District Judge